JOURNAL ENTRY AND OPINION
{¶ 1} In May 2005, defendant-appellant, Donte Mitchell, pled guilty to four counts of aggravated robbery with a one-year firearm specification, two counts of kidnapping, and two counts of attempted murder with a three-year firearm specification. The trial court subsequently sentenced Mitchell to three years incarceration on each of the four aggravated robbery charges, three years on each of the two kidnapping charges, six years on each of the two attempted murder charges, and ten years on the firearm specifications, for a total of 40 years. All counts and firearm specifications were ordered to be served consecutively.
 {¶ 2} Mitchell now appeals his sentence, arguing that the trial court erred in imposing consecutive sentences because it did not make the requisite findings pursuant to R.C.2929.14(E)(4) for imposing consecutive sentences.
 {¶ 3} When Mitchell was sentenced, R.C. 2929.14(E)(4) governed the imposition of consecutive sentences. It provided that a court could impose consecutive sentences only when it concluded that the sentence was necessary to protect the public from future crime or to punish the offender, not disproportionate to the seriousness of the offender's conduct and to the danger the offender posed to the public, and one of the following applied: 1) the offender committed the offenses while awaiting trial or sentencing, under sanction or under post-release control; 2) the harm caused by the multiple offenses was so great or unusual that a single prison term would not adequately reflect the seriousness of the offense; or 3) the offender's criminal history demonstrated that consecutive sentences were necessary to protect the public from future crime.
 {¶ 4} In Blakely v. Washington (2004), 542 U.S. 296,124 S.Ct. 2531, 159 L.Ed.2d 403, the United States Supreme Court held that, in light of the Sixth Amendment's right to jury trial, any fact (other than a prior conviction) that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury and proved beyond a reasonable doubt or admitted by the defendant. Subsequently, in State v. Foster,109 Ohio St.3d 1, 2006-Ohio-856, the Supreme Court of Ohio held that R.C. 2929.14(E) violated the principles announced inBlakely because it required judicial findings of fact not proven to a jury beyond a reasonable doubt before the court could impose consecutive sentences. The Supreme Court found R.C.2929.14(E) unconstitutional, excised it from Senate Bill 2, and ordered that cases on direct review be remanded for resentencing in light of its remedial severance. The Supreme Court further held that, after the severance, "trial courts have full discretion to impose a prison sentence within the statutory range and are no longer required to make findings or give their reasons for imposing maximum, consecutive, or more than the minimum sentences." Foster, supra, at ¶ 100.
 {¶ 5} In sentencing Mitchell to consecutive sentences, the trial court found that concurrent sentences would demean the seriousness of the offenses, would not adequately punish the defendant, and would not adequately protect the public from further crime. Mitchell contends that this analysis was inadequate under R.C. 2929.14(E)(4) to impose consecutive sentences. Although he does not argue that the imposition of consecutive sentences in his case violates the principles announced in Blakely, the State requests that we remand the case to the trial court for resentencing in light of Foster.
 {¶ 6} We agree. Because Mitchell's sentence was based on an unconstitutional statute, it is deemed void under Foster; his sentence is vacated and the matter is remanded to the trial court for resentencing.
 {¶ 7} Appellant's assignment of error is sustained.
Sentence vacated; remanded for resentencing.
This cause is remanded for further proceedings consistent with the opinion herein.
It is ordered that the parties share equally in the costs herein.
It is ordered that a special mandate be sent to said court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Cooney, P.J., and Gallagher, J., concur.